IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEE CATLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 7196 |
| | ) | |
| COOK COUNTY BOARD PRESIDENT | ) | |
| JOHN STROGER, and COOK COUNTY | ) | |
| SHERIFF MICHAEL F. SHEAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lee Catledge, appearing *pro se*, brought an action alleging civil rights violations against defendants John Stroger, Cook County Board President, and Michael Sheahan, Cook County Sheriff. Plaintiff originally filed this action against current defendants and multiple others, but several defendants were excused upon motions to dismiss. Now, remaining defendants Sheahan and Stroger make a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, we grant defendants' motion to dismiss.

## BACKGROUND

In reviewing a motion to dismiss under Rule 12(b)(6), we must accept the complaint's well-pleaded factual allegations as true, including the inferences reasonably drawn from them. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). Because FED. R. CIV. P. 8(a)(2) requires only that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint should be dismissed only if the plaintiff "failed to allege any set of facts upon which relief may be granted." Gibson, 910 F.2d at 1521.

*See also* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although a *pro se* plaintiff is not excused from compliance with procedural rules (McMasters v. U.S., 260 F.3d 814, 818 (7th Cir.2001)), we "employ a more liberal standard of review than would be used where an attorney prepared the complaint." Billups v. Kalemis, 2001 WL 685929, *1 (N.D.Ill.2001). *See also* Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir.1998) (noting "the well-known admonition that district courts must construe *pro se* pleadings liberally").

Generally, we will not look beyond the four corners of the complaint in determining whether plaintiff has stated a claim. Palda v. General Dynamics Corp., 47 F.3d 872, 875 (7th Cir.1995). In a 12(b)(6) analysis, documents attached to a defendant's pleadings cannot be considered without converting the motion to dismiss into a motion for summary judgment, except that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." Wright v. Associated Ins. Companies Inc., 29 F.3d 1244, 1248 (7th Cir.1994). Therefore, we take the following facts from the plaintiff's complaint.

Defendant Sheahan is the Sheriff of Cook County. During his tenure, defendant Sheahan fabricated allegations that plaintiff was a member of an Al-Qaeda terrorist sleeper cell and used his employment and transportation to aid Al-Qaeda. Additionally, defendant Sheahan falsely claimed that plaintiff committed a murder in December 2003. In conducting his investigation of plaintiff, defendant Sheahan authorized illegal surveillance, attempted to illegally induce plaintiff's arrest and authorized dangerous automobile surveillance. Finally, defendant Sheahan disseminated the fabricated accusations of plaintiff's terrorist activities to various city, state and federal government agencies. Due to those actions, plaintiff suffered physical and emotional injuries. Plaintiff's complaint makes no mention of actions taken by

defendant Stroger.

## DISCUSSION

42 U.S.C. § 1983 was designed to enforce the provisions of the Fourteenth Amendment, and a claim asserting deprivation of such rights under color of law is properly brought under that section. *See* Monroe v. Pape, 365 U.S. 167 (1961). Here, plaintiff alleges that defendants used their positions as state officials to violate his constitutional rights. Therefore, we analyze this claim as a § 1983 claim.

We first address defendants' argument that plaintiff's claim should be dismissed as to defendant John Stroger because the complaint does not allege any wrongdoing on the part of defendant Stroger. We agree. In Potter v. Clark, 497 F.2d 1206 (7th Cir.1974), the Seventh Circuit upheld the district court's dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. In addressing plaintiff's § 1983 claim, the court stated that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Id.*, at 1207. *See also* Anderson v. City of Chicago, 90 F.Supp.2d 926, 929 (N.D.Ill.1999); Marshall v. Fairman, 951 F.Supp. 128, 131 (N.D.Ill.1997). Therefore, we dismiss the complaint as against defendant Stroger.

Next, defendants argue that "[w]hen there is no designation in the four corners of the complaint that a government official is sued in his individual capacity, the suit proceeds against the official capacity only" (defs' mot. to dismiss at 2). Although defendants state the general rule correctly (*see* Kolar v. County of Sangamon of the State of Illinois, 756 F.2d 564 (7th Cir.1985)), the rule is not absolute. Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir.1991)

(noting that the Kolar presumption is not rigid, and not to be presumed simply because the complaint fails to explicitly state the capacity in which the defendant is to be sued). Courts have departed from a strict application of the Kolar presumption where the plaintiff appeared *pro se* (*see* Marshall, 951 F.Supp. at 131 ("this is not an inflexible rule of law and is the sort of technical requirement that should not be applied to a *pro se* complaint")), or where the nature of the complaint indicated that it was a claim against defendant in an individual, rather than official, capacity. *See* Anderson, 90 F.Supp.2d at 928; Boyce v. Fairman, 24 F.Supp.2d 880, 883-84 (N.D.Ill.1998).

In Kentucky v. Graham, 473 U.S. 159, 165 (1985), the Supreme Court defined the difference between a personal and official capacity suit under § 1983. The court stated that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Alternatively, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent .... It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.*, at 166. In his complaint, plaintiff attempts to state a claim for personal capacity. Therefore, we will analyze his claim as a personal capacity claim.[1]

To recover damages under a personal capacity § 1983 suit, plaintiff must show (1) violation of a right secured by the Constitution and laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To do that, plaintiff must establish that defendant was

---

[1] Plaintiff's claim would automatically fail under the official capacity standard, as it does not allege a policy or custom of the Sheriff's department, the execution of which violated plaintiff's rights. *See* Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir.1983) ("The law is clearly established that a local government entity ... will be liable when through the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, another's rights are violated"). *See also* Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986); Boyce, 24 F.Supp.2d at 884.

personally liable for deprivation of his constitutional right. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995). Personal liability must extend beyond *respondeat superior* – defendant must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Defendant's actions must be more than negligent or grossly negligent; defendant must "act either knowingly or with deliberate, reckless indifference." Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir.1988). Defendants argue that "[p]laintiff completely fails to allege facts indicating personal involvement on the part of either Defendant." (Def's mot. to dismiss at 3). Defendants further argue that "[p]laintiff has essentially placed the names of Sheriff Sheahan and President Stroger in the caption of the complaint and stated in conclusory fashion that they are liable for his injury" (*id.*, at 4). They contend that plaintiff's allegation that defendant Sheahan "authorized" certain illegal activity is insufficient to show the necessary "causal connection or affirmative link between the action complained about and the official sued." Gentry, 65 F.3d at 561.

In this case plaintiff does allege that defendant Sheahan authorized addition of plaintiff to "the Terrorist Watch List by concocting false and misleading allegations," accusing plaintiff of terrorist activities, and disseminated those accusations to other governmental agencies (cplt. at 1). He also alleges that defendant Sheahan authorized various other illegal activities, specifically illegal and dangerous surveillance techniques (*id.*). Such allegations, however, are "conclusory allegations unsupported by factual assertions" and fail "even the liberal standard of Rule 12(b)(6)." Palda v. General Dynamics Corp., 47 F.3d 872, 875 (7th Cir.1995). We think that plaintiff's rather bizarre allegations need to go beyond a simple assertion of authorization. Who was authorized and how and when?

Even if we consider that plaintiff's allegations are not conclusory, much of the claim

still fails because plaintiff does not adequately plead a constitutional violation. He claims that defendant Sheahan authorized his name to be added to "The Terrorist Watch List by fabricating false and misleading allegations" and passed along false accusations of terrorist activity to various city, state and federal agencies. In order to maintain a claim under § 1983, however, the Supreme Court has held that a state actor must have done more than defame the plaintiff, stating that "any harm or injury to that interest [in reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law ...." Paul v. Davis, 424 U.S. 693, 712 (1976). In that case, the Supreme Court held that defendant police chief's dissemination of an "Active Shoplifters" flyer containing plaintiff's name and picture was not sufficient to make a § 1983 claim; plaintiff had to show something more. *See also* Siegart v. Gilley, 500 U.S. 226 (1991) (holding that plaintiff was not deprived of a protected liberty interest even where a defamatory statement resulted in loss of job opportunities). In Margoles v. Tormey, 643 F.2d 1292 (7th Cir.1981), the Seventh Circuit cited Paul in holding that plaintiff did not have a constitutional claim against Wisconsin officials who knowingly and intentionally provided false information about plaintiff to Illinois licensing authorities. The court held that plaintiff had "failed to prove defendants' active involvement in or distortion of the Illinois proceedings." *Id.* at 1297. They went on to note: "The record simply does not establish anything more than that the defendants provided allegedly false information to the Illinois authorities responsible for providing plaintiff with a fair hearing on his application for licensure. It would be a significantly different case if there were some evidence of collusion, conspiracy, or agreement between the government officials involved ...." *Id.* In a case with facts similar to the case at hand, Reyes v. Supervisor of Drug Enforcement Administration, 834 F.2d 1093 (1st Cir.1987),

the First Circuit addressed whether an inmate falsely accused of participating in a terrorist organization had a § 1983 claim against the superintendent and police department that had disclosed the false allegations to several federal agencies, including the FBI. The court affirmed denial of the § 1983 claim because plaintiff was unable to demonstrate that the false information was relied upon to deprive him of a constitutionally guaranteed right.

Plaintiff's claim fails to allege such reliance or further action by defendant. Nowhere in his complaint does plaintiff allege that anyone relied on defendant's false accusations to deprive him of his constitutional rights. Even though plaintiff sets forth his injuries, he does not allege that any government or private actor relied on defendant's allegations to violate plaintiff's rights. Therefore, we find that plaintiff has not stated a claim upon which relief can be granted and grant defendants' motion to dismiss.

## CONCLUSION

For the reasons set forth above, we grant defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 22, 2005.